UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
CINDY NOEMI DE LEON,

            Plaintiff,

   -against-

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

            Defendant.

-----------------------------------------------------x

**\*\*\* AMENDED \*\*\***
**MEMORANDUM AND ORDER**
13-CV-04540 (FB)

*Appearances:*
*For the Plaintiff:*
CHARLES E. BINDER, ESQ.
60 East 42nd Street
Suite 520
New York, NY 10165

*For the Defendant:*
LORETTA E. LYNCH, ESQ.
United States Attorney
ARTHUR SWERDLOFF, ESQ.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
7th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

     Cindy Noemi De Leon ("De Leon") seeks review of the final decision of the

Commissioner of Social Security ("Commissioner") denying her application for

disability benefits under the Social Security Act (the "Act"). Both parties move for

judgment on the pleadings. After reviewing the parties' submissions, the Court grants

De Leon's motion and remands for further proceedings. The Commissioner's motion

is denied.

**I.**

In March 2011, De Leon filed applications for Supplemental Security Income and Disability Insurance Benefits. In both applications, she alleged disability, as of August 10, 2010, from post-traumatic stress disorder, depression, borderline personality disorder and anxiety disorder with panic attacks. The Social Security Administration ("SSA") denied her claim. De Leon then requested a hearing before an Administrative Law Judge ("ALJ") at which she appeared *pro se*. In a decision dated April 26, 2012, the ALJ determined that De Leon was not disabled. The Appeals Council denied her request for review. This denial rendered final the Commissioner's decision to deny benefits. De Leon timely sought judicial review.

Applying the familiar five-step evaluation process,[1] the ALJ found that: (1) De Leon had not engaged in substantial gainful activity since August 10, 2010; (2) her depression, anxiety and post-traumatic stress disorder qualified as severe impairments; and (3) her impairments did not meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then determined that De Leon had the residual functional capacity ("RFC") to perform a full range of work at

---

[1] SSA regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)).

all exertional levels, limited to simple jobs requiring at most occasional contact with others and occasional decision-making. Applying that RFC to the remaining steps, the ALJ found (4) that De Leon was able to perform her past relevant work as a security guard, retail worker and veterinary assistant, and (5) that she was able to perform other work existing in significant numbers in the national economy.

## II.

"In reviewing the final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). De Leon contends the ALJ's RFC determination is flawed because it (1) failed to accord proper weight to the opinion of her treating psychiatrist and (2) is not based on substantial evidence. De Leon also argues that the ALJ improperly evaluated her credibility. The Court addresses these arguments in turn.

## A.    Evaluation of De Leon's Residual Functional Capacity

De Leon contends that the ALJ violated the treating physician rule by dismissing the opinion of her treating psychiatrist, Dr. Soliman, in determining her RFC. The

Court disagrees. A treating source's opinion regarding a claimant's RFC – as opposed to the nature and severity of a claimant's impairment – is not entitled to controlling weight. *See* 20 C.F.R. § 416.927(d)(2) ("Although we consider opinions from medical sources on issues such as ... your [RFC] ... the final responsibility for deciding these issues is reserved to the Commissioner."); *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("A treating physician's statement that a claimant is disabled cannot itself be determinative."). As such, the ALJ did not violate the treating physician rule because he retained final authority over the RFC determination.

However, the Court agrees with De Leon that the ALJ's RFC determination is not supported by substantial evidence. The "crucial factors" in any RFC determination must be set forth "with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Douglass v. Astrue*, 496 F. App'x 154, 157 (2d Cir. 2012) (citing *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)); *see also Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d Cir. 1983) ("the propriety of agency action must be evaluated on the basis of stated reasons."). "Remand may be appropriate ... where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Here, the ALJ's analysis is unclear and his findings are unsupported by medical evidence in the record.

In his opinion, the ALJ vaguely stated that he "considered all symptoms" and "opinion evidence" in making his RFC determination. AR 26. It is not clear what evidence the ALJ relied on. The ALJ simply stated his RFC finding and broadly cited to multiple exhibits in the record. To the extent the ALJ relied on evidence in the record in making his RFC finding, he provided no connecting analysis. *See Glessing v. Comm'r of Soc. Sec.*, No. 13-CV-1254, 2014 WL 1599944, at \*9 (E.D.N.Y. April 17, 2014) ("[A]lthough the ALJ certainly made *findings* as to claimant's limitations, the ALJ provided no *analysis* explaining upon which evidence those findings were based.") (emphasis in original). "[W]here we are unable to fathom the ALJ's rationale in relation to evidence in the record, especially where credibility determinations and inference drawing is required of the ALJ, we will not hesitate to remand for further findings or a clearer explanation for the decision." *Cichocki*, 729 F.3d at 177. Because the ALJ failed to explain how the evidence supported his RFC determination, remand is warranted.

Additionally, the ALJ's RFC finding is not supported by medical evidence in the record. The record contains the medical reports of two psychiatrists – Dr. Soliman and Dr. Herman, the SSA's consultative examiner. As noted, the ALJ found that De Leon has the "[RFC] to perform a full range of work at all exertional levels," limited to "simple jobs" that require "at most occasional contact with others and occasional decision-making." AR 26. Neither Dr. Soliman nor Dr. Herman's opinions provide

substantial support for the ALJ's RFC determination.

The ALJ's RFC finding stands in stark contrast to Dr. Soliman's opinion. In his November 15, 2010 report, Dr. Soliman noted that De Leon has "poor concentration" and "difficulty maintaining relationships." AR 168. He also maintained that she "is not clinically stable to perform job duties." AR 167. In his April 25, 2011 report, Dr. Soliman further stated that De Leon "tends to lash out," and opined that she "is not clinically stable at this time to work." AR 215-16.

Moreover, while the ALJ purportedly gave "extra weight" to Dr. Herman's opinion, it also does not support his RFC determination. AR 28. Dr. Herman stated that De Leon is capable of "performing simple tasks." AR 207. However, the ability to "perform simple tasks" does not substantiate the ALJ's determination that De Leon can "perform simple jobs." *See Balsamo v. Chater*, 142 F.3d 75, 81-82 (2d Cir. 1998) (stating that "a claimant need not be an invalid to be found disabled"). Moreover, the ALJ's finding that she can engage in "occasional contact with others and occasional decision-making" is contradicted by Dr. Herman's opinion that she may have difficulty "relating adequately with others, making appropriate decisions ... and maintaining a regular schedule." AR 26, 207. Dr. Herman also stated that De Leon's issues "may significantly interfere with [her] ability to function on a daily basis." AR 207. This conclusion is hardly a ringing endorsement of her ability to work. Accordingly, the Court finds that the ALJ's RFC determination is not supported by substantial evidence.

The Court also notes that De Leon contests the ALJ's evaluation of Dr. Soliman's opinion. The ALJ dismissed Dr. Soliman's opinion as "internally inconsistent." AR 28. The ALJ found Dr. Soliman's November 15, 2010 report was "immediately contradict[ory]" because it stated it was too early in the treatment process to determine if De Leon could work, but then later stated that she could not work due to her impairments. AR 28. The ALJ also discounted Dr. Soliman's April 25, 2011 report, claiming that it inconsistently stated De Leon possesses a "fair ability to remember, focus and concentrate," while at the same time asserting that she has "poor ability to focus and concentrate." *Id.*

The ALJ's reasons for discounting Dr. Soliman's opinion are unpersuasive. First, the supposed inconsistency in Dr. Soliman's April 25, 2011 report does not exist. The report consistently states Dr. Soliman's opinion that while De Leon's memory is fair, she has difficulty concentrating and focusing. Moreover, the single discrepancy in Dr. Soliman's November 15, 2010 report does not warrant the outright dismissal of his opinion. For over two years, Dr. Soliman diagnosed De Leon's psychiatric impairments and maintained that she is not clinically stable to work.

Even if the Court were to accept the ALJ's view that Dr. Soliman's opinion was internally inconsistent, the ALJ had the responsibility to develop the record to resolve this inconsistency. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("[I]f an ALJ perceives inconsistencies in a treating physician's reports, the ALJ bears an affirmative

7

duty to seek out more information from the treating physician and to develop the administrative record accordingly.").  The ALJ failed to do so.  On remand, the ALJ cannot rely on Dr. Soliman's opinion without clarifying his view regarding whether De Leon is clinically stable to work and able to focus and concentrate.

The ALJ's failure to develop the record is underscored by De Leon's *pro se* status during the ALJ hearing.  "When a claimant properly waives his right to counsel and proceeds *pro se*, the ALJ's duties are heightened." *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) (internal citations omitted).  The ALJ must "adequately protect a *pro se* claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered" and by "scrupulously and conscientiously prob[ing] into, and inquir[ing] of, and explor[ing] for all the relevant facts." *Id.*

The ALJ failed to satisfy this heightened duty during the brief, 23-minute-long hearing.  While De Leon testified that she receives routine mental health treatment, the ALJ did not advise her to obtain a more detailed statement from her treating psychiatrist.  Moreover, when De Leon testified that she was fired from her most recent job because of interpersonal difficulties, the ALJ did not inquire further.  In short, the ALJ should have procured more detailed testimony from De Leon.

B.    **Evaluation of De Leon's Subjective Complaints**

De Leon next argues that the ALJ improperly evaluated her credibility.  To evaluate credibility, an ALJ must first determine whether the claimant has a medically

determinable impairment that could reasonably be expected to produce her symptoms,

and second, evaluate the intensity, persistence and limiting effects of those symptoms.

*See* 20 C.F.R. § 404.1529(b)-(c).  The ALJ must provide "specific reasons for the

finding on credibility, supported by evidence in the case record."  SSR 96-7p.

The ALJ found that although De Leon's "medically determinable impairments

could reasonably be expected to cause the alleged symptoms," her statements regarding

"the intensity, persistence and limiting effects of these symptoms are not credible to the

extent they are inconsistent with the above [RFC] assessment."  AR 27.  An ALJ must

consider seven factors when a claimant's subjective complaints suggest greater severity

than can be shown by objective medical evidence.[2]  The ALJ improperly applied these

factors.

In finding De Leon to be not credible, the ALJ emphasized her use of public

transportation.  The ALJ's cursory assertion that De Leon "uses public transportation"

inadequately represents her situation.  AR 27.  She testified that she cannot use public

transportation by herself.  Rather, her son must travel with her, causing him to be absent

from school.  Certainly, De Leon cannot be expected to take her son with her as she

---

[2]  The seven factors set forth in the SSA's regulations include: (i) claimants's daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (iii) precipitating or aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (v) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (vi) any measures the claimant uses or has used to relieve pain or other symptoms; and (vii) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.  *See* 20 C.F.R. § 404.1529(c)(3).

travels to and from work on a daily basis.

The ALJ found that De Leon's daily activities – shopping, cooking, cleaning, doing puzzles and managing her finances – showed an ability to focus and concentrate. However, the ALJ failed to explain how her ability to perform routine activities alone, at home, demonstrates her capacity to work with others, particularly given her fear of human interaction. *See Murdaugh v. Sec'y. of Dep't. Of Health & Human Servs.*, 837 F.2d 99, 102 (2d Cir. 1988) (noting that the fact that a claimant "waters his landlady's garden, occasionally visits friends and is able to get on and off an examination table can scarcely be said to controvert the medical evidence" of disability).

The ALJ also focused on De Leon's response to medication and therapy and social relationships. While medication and therapy have helped her condition, the ALJ failed to consider the circumstances that precipitate or aggravate her condition. Moreover, while she testified that she has two friends, the ALJ did not scrutinize these relationships. Such sparse testimony hardly demonstrates that De Leon is socially well-adjusted and capable of working. To the contrary, De Leon described experiencing anxiety when interacting with others at work and in public.

Finally, reconsideration of De Leon's credibility is necessary because the ALJ improperly discounted Dr. Soliman's opinion in determining her RFC. The ALJ found her subjective complaints not credible to the extent they were inconsistent with his RFC assessment. Once the ALJ reconsiders the medical evidence and obtains additional

information as needed to resolve any inconsistencies, it may support her complaints.

### III.

For the foregoing reasons, De Leon's motion is granted, the Commissioner's

motion is denied and the case is remanded for further proceedings.

**SO ORDERED.**

/S/Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 24, 2014